Chief Justice Robertson,
delivered the opinion of the Court.
The heirs and personal representatives of E. Mitcherson, deceased, filed a bill in chancery, to injoin a part of a judgment, for $123, obtained against them by James I. Dozier, on anoteex *54 ecutecl by their ancestor and intestate. The injunetion was accordingly granted, and Dozier answered.
If a personwho ishidievted for a crime employ alawccutehisnote for the awi'-.unt of the before'iih'trlai, commit suicide, the lau~ pe,rforia principal aerIhe° ^’fwhiol‘ executed, (to-wit: the de*bc his is no ground for impeachment inc°of,<y™’ note cither at or in caule^the^on performance resulted from hifns0fif°b!is°r
*54 it seems from the record, that E. Mitcherson had employed Dozier as an attorney and counsellor at law, to defend him against a criminal prosecution, and gave him as a fee, the note on which the judgment was obtained; that Dozier attended the court at which the trial was expected, but the prosecution abated by the suicide of the accused. lienee the plaintiff insists that there is a partial failure of consideration, and on that ground the bill was filed.
On the hearing, the bill was dismissed, and flic injunction was dissolved with damages. That decree is now called in question.
It is manifest that the principal service, the expectation of which induced the execution of tiie note, was never rendered; and that consequently, to that extent, the obligor was never beneiitted, nor was lie (as to that) subjected to loss labor or inconvenience.
But tlie promise to perform the service, was the consideration of the note. The performance was not a condition on which the obligation of the note depended. A suit could have been maintained on the note, even if Dozier had refused to perform the service which he promised to perform. But if by any act or omission on bis part, without the default of the obligor, the stipulated service had not been rendered, there would have been a partial failure of consideration, for which the chancellor might have given relief to the proper extent, against the legal obligation of the note. The law would not, however, imply any condition in the contract, that the promised service was to be performed before the noic was due and collectable. Nor would cither law or equity exonerate the obligor from the payment of the note, or any part of it, merely in consequence non-performance by the obligee, when he was ready and willing to perform, (as he appears to have been,) and was prevented by the voluntary act of the ob%or- The obligation could not thus'be impair-e(1<> nor ^le contract be thus modified without the assent, or fault, of the obligee.
When bill 'nnction a"' part of a judgment only^to give, of th/injunction, ten per amountof the judgment, is erro1'-
When defen dant in answer, waives his *°n llai?" solution ofirfjunction, {,ber„0 decree for damages ”n fhe dis-Injunction.
If the obligor bad died a natural death, the case might (perhaps,) be different. But we cannot decide, that suicide is not a voluntary act, or.that it is, per se, evidence of mental derangement, or, of a fatal cessity; and one party cannot, by his own voluntary act, deprive the other of the benefit of his contract. We cannot distinguish between the principle of this ease and that of Hickman vs. Major.
It seems, therefore, that, if the performance of the promised service had been the sole and entire consideration of the note, there would not have been a fail-me of consideration, available by plea to the action on the note: and, in such a case,we know of no principle of equity which would authorize any relief in chaneery. There lias been no failure of consideration, because the non-performance complained of, has re-suited from the act of the obligor, without the concurrence, or delinquency, of the obligee who would iiave performed his undertaking, if he had not been prevented by the act of the obligor.
There is, therefore, no error in the dissolution of the injunction, unless the case could be tested by the principles of casuistry or honor, and not by the fixed rules of law and equity.
But the decree for damages is erroneous. 1st. bill asked an injunction against only a part of the judgment, and 10 per cent, damages have been given on the whole amount of the judgment. 2nd. The defendant,by his answer, expressly waived his right to damages; believing, as he seemed to do, that the case is a hard one, and that the amount of his judgment was the maximum which his conscience would allow him to exact, or receive. Now, alt hough the statute peremptorily directs a deci’ee for damages on the dissolution of such an injunction, it does so only, because the defendant is entitled to them. But, surely he can release, or waive, such a right as well as any other; and when he does so, the chancellor should not, against his will, force him to take damages.
Wherefore, so much of the decree, as dissolved the injunction, is affirmed; but so much thereof, as awarded damages is reversed. It is, therefore, ordered, and decreed that the injunction be clissolv *56 ed without damages, but with costs in the circuit court, and under all the circumstances, it seems to the court, that there should be no decree for costs in this court.